IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**GOLDY THOMPSON,**

      **Plaintiff,**

  v.                                       **Civil Action 2:25-cv-00143**
                                                **Chief District Judge Sarah D. Morrison**
                                                **Magistrate Judge Kimberly A. Jolson**

**OHIO DEPARTMENT OF
REHABILITATION AND
CORRECTION, et al.,**

      **Defendants.**

## REPORT AND RECOMMENDATION

At issue is Defendant Coon's Motion to Dismiss (Doc. 29). In it, she argues that she should be dismissed under Rule 21 of the Federal Rules of Civil Procedure. (*Id.* at 4). She represents that she was not an employee of the Ohio Department of Rehabilitation and Correction facility during the time of Plaintiff's allegations and thus "cannot be the correct Defendant that Plaintiff intended to name in this lawsuit." (*Id.* at 2, 4). She also cites the relevant standard for Rule 12(b)(6) of the Federal Rules but ultimately bases her argument upon Rule 21. (*Id.* at 2–4). So, the Court construes Defendant Coon's Motion to Dismiss as a Motion to drop a party under Rule 21. Although Defendant does not include supporting documentation to demonstrate that she was not employed by the facility at the time of the alleged violations (*id.*), Plaintiff does not offer a response in opposition to this motion.

The Sixth Circuit has suggested that "dismissal of a party, rather than of an entire action, is . . . proper pursuant to Rule 21." *AmSouth Bank v. Dale*, 386 F.3d 763, 778 (6th Cir. 2004) (citing *Letherer v. Alger Group, L.L.C.*, 328 F.3d 262, 265–66 (6th Cir. 2003), *recognized as overruled on other grounds in Blackburn v. Oaktree Capital Mgmt.*, LLC, 511 F.3d 633, 636 (6th Cir. 2008)); *see also Warfel v. Chase Bank USA, N.A.*, No. 2:11-cv-699, 2012 WL 441135, at *2

(S.D. Ohio Feb. 10, 2012) (finding that Rule 21 is a proper procedural vehicle to dismiss individual claims or parties). Rule 21 states "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21.

Given Defendant Coon's uncontested statement that she didn't work at the facility during the time of the alleged constitutional violations, she is not an appropriate Defendant in this case. The Undersigned **RECOMMENDS** that Defendant Coon be **DISMISSED** from the present case.

Date: October 17, 2025                          s/ Kimberly A. Jolson
                                                KIMBERLY A. JOLSON
                                                UNITED STATES MAGISTRATE JUDGE

## PROCEDURE ON OBJECTIONS:

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to de novo review by the District Judge and waiver of the right to appeal the judgment of the District Court. See, e.g., Pfahler v. Nat'l Latex Prod. Co., 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); United States v. Sullivan, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to the magistrate judge's report and recommendation). Even when timely objections are filed,

appellate review of issues not raised in those objections is waived. Robert v. Tesson, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted).